```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

CHERYL SMITH,                          )
                                       )
       Plaintiff              )
                                       )        No. 3:13-0910
v.                                     )        Judge Nixon/Brown
                                       )
CAROLYN W. COLVIN, in her              )
capacity as acting Commissioner        )
of the Social Security                 )
Administration,                        )
                                       )
       Defendant              )

**TO:   THE HONORABLE JOHN T. NIXON**

## REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obtain service of process in accordance with Federal Rules of Civil Procedure 4(m) and under Rule 41(b) for failure to obey Court orders.

## BACKGROUND

The Plaintiff filed a complaint against the Commissioner of Social Security Administration on September 10, 2013, seeking review of a denial of her application for Social Security benefits (Docket Entry 1). In the complaint the Plaintiff acknowledged the need to serve the Social Security Administration through the United States Attorney in Nashville and the Attorney General of the United States. The Plaintiff paid the $400 filing fee in this matter and summonses were issued by the clerk for service by the Plaintiff.

The record does not reflect that service of process was ever obtained on any of the three required parties.

On April 23, 2014 (Docket Entry 3), the Magistrate Judge entered an order pointing out that the record did not reflect service of process and that under Rule 4(m) service of process was required within 120 days of filing the complaint, absent Court permission for a longer period. The Magistrate Judge noted that the 120 days have long since expired and the Plaintiff was directed to show cause within 14 days of the entry of the order why the Magistrate Judge should not recommend that the case be dismissed without prejudice for failure to obtain service of process.

As of the date of this Report and Recommendation, there is no indication that service of process has been obtained, nor has the Plaintiff filed any response to the Magistrate Judge's order.

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

1. The Plaintiff in her complaint acknowledged the need to obtain service of process and the Plaintiff was given a specific

order to show cause why service had not been obtained. The Plaintiff has failed to respond to this order. The Magistrate Judge could only conclude that failure to obtain service of process or to respond to the Court's order constitutes willfulness, bad faith, or fault.

2. The Defendants in this case cannot proceed with securing the administrative record or responding to the complaint since they have not been served. The longer the case is delayed, the more chance exists that there would be difficulty in preparing an administrative record.

3. The Plaintiff was specifically ordered to show cause why service of process had not been obtained, and the Plaintiff has failed to respond to that order. While it is possible under Rule 41(b) that a dismissal could be recommended with prejudice, the Magistrate Judge has considered, and accordingly, recommends a less drastic remedy of dismissal without prejudice.[1]

The Court must be able to control its docket and move cases toward conclusion. In this case, even though the complaint was filed over eight months ago, the Plaintiff has taken no action to prosecute the case nor respond to the Court's direct order.

---

[1] Even though the recommendation is for a dismissal without prejudice, it may be that other limitations will prevent the case from being refiled.

3

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of May, 2014.

/s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge