# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CHERYL SMITH,** | ) |
| **Plaintiff,** | ) |
| | ) No. 3:13-cv-00910 |
| v. | ) |
| | ) Judge Nixon |
| **CAROLYN W. COLVIN,** | ) Magistrate Judge Brown |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Cheryl Smith filed this action on September 10, 2013, against Defendant Commissioner of Social Security. (Doc. No. 1.) However, it does not appear from the record Plaintiff ever served the Complaint on Defendant, as required by Federal Rules of Civil Procedure 4(c), (m). On April 23, 2014, Magistrate Judge Brown issued an order ("Order to Show Cause") directing Plaintiff to show cause within fourteen days of the order why this case should not be dismissed for failure to obtain service of process within 120 days of filing the Complaint, as provided in Rule 4(m). (Doc. No. 3.) After Plaintiff failed to respond to the Order to Show Cause, on May 15, 2014, Magistrate Judge Brown issued a Report and Recommendation ("Report"), recommending this case be dismissed without prejudice for failure to obtain service of process in accordance with Rule 4(m) and failure to obey a court order under Rule 41(b). (Doc. No. 4 at 4.) The Report provided for a period of fourteen days for Plaintiff to file an objection. (*Id.*) Since filing her Complaint, Plaintiff, represented by counsel, has not filed anything in this case, including an objection to the Report.

A court may dismiss an action under Rule 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. A court should consider (1)

1

whether the party's failure is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

With regards to this case, the Court finds the third and fourth factors were met by the Court's Order to Show Cause, which gave Plaintiff fourteen days to explain her failure to obtain service of process, and warned that failure to comply with a court order could lead to dismissal of this action without prejudice under Rule 41(b). (Doc. No. 3.) In addition, the Magistrate Judge provided that Plaintiff could file an objection to his recommendation of dismissal within fourteen days of the issuance of the Report. (Doc. No. 4 at 4.) Thus, Plaintiff has been on notice of her failure to serve Defendant for well over thirty days, and has been in violation of Rule 4(m) for nearly five months.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) for Plaintiff's failure to serve Defendant within 120 days of filing her Complaint and failure to comply with the Court's Order to Show Cause. Under Rule 4(m), such a dismissal shall be without prejudice. Accordingly, this action is **DISMISSED without prejudice.** The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the 4th day of June, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT